UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

VINETT AYTON

　　Plaintiff,

v.

NATIONWIDE CREDIT, INC, a Georgia corporation

　　Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, VINETT AYTON, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, NATIONWIDE CREDIT, INC, hereinafter "Defendant", for actual and statutory damages for violations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter the "FDCPA"), the Florida Consumer Collection Practices Act, §559.55, *et seq*., Florida Statutes (hereinafter the "FCCPA") and Florida common law, and in support thereof alleges as follows:

## JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and §1337(a), and §15 U.S.C. §1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

3. This Court has supplemental jurisdiction over the state law claims according to 28 U.S.C. §1367.

## VENUE

4. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391, as the unlawful practices alleged herein took place in Broward County, Florida and the Defendant is a Georgia corporation whose transacts business in Broward County, Florida and venue, therefore, properly lies in this Court.

## PARTIES

5. Plaintiff, Vinett Ayton is an individual residing in the County of Broward, State of Florida, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Defendant, Nationwide Credit, Inc, is a Georgia corporation, and has its principal place of business in Atlanta, Georgia where it engages the collection of consumer debts and is therefore defined as a "Debt Collector" pursuant to 15 U.S.C §1692a(6).

## BACKGROUND

7. The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), was enacted in 1978 to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection and to provide consumers with an means for disputing and obtaining validation of debt information to ensure the information's accuracy.

8. Plaintiff, is alleged to have incurred a financial obligation to ACE 2007-HE4. Such financial obligation is a "debt" as defined by 15 U.S.C. §1691a(5).

9. On June 26, 2013 and July 25, 2013, Defendant sent Plaintiff a collection notice.

10. The notice was prepared and given by the Defendant.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

11. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 10, herein.

12. Defendant violated §1692e(2)(a) by falsely representing the character, amount of legal status of the debt in its June 26, 2013 letter to the Plaintiff.

13. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

14. As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

15. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 10, herein.

16. Defendant violated §1692e(2)(a) by falsely representing the character, amount of legal status of the debt in its July 25, 2013 letter to the Plaintiff.

17. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

18. As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

## JURY TRIAL DEMAND

19. Plaintiffs request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  October 11, 2013

    MILITZOK & LEVY, P.A.
*Attorneys for Plaintiff*
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 - Telephone
(954) 241-6857 – Facsimile
mjm@mllawfl.com


By: /s/ Matthew J. Militzok
MATTHEW J. MILITZOK, ESQ.
Fla. Bar No.: 0153842